UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KENNETH NORMAN, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 2:21-cv-00330-JHE |
| CANFOR SOUTHERN PINE, INC., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Defendant Canfor Southern Pipe, Inc. ("Canfor") moves to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(3) (improper venue), 12(b)(5) (insufficient service of process), and 12(b)(6) (failure to state a claim). (Docs. 10 & 11). In response, Plaintiff Kenneth Norman filed an amended complaint (doc. 17), a response to the motion to dismiss (doc. 18), and a motion to transfer venue (doc. 19). First, Norman contends the amended complaint moots Canfor's Rule 12(b)(6) argument as to his Americans with Disabilities Act ("ADA") claim. (*See* docs. 17 & 18). Next, Norman states that dismissal based on insufficient service of process is inappropriate because the court may excuse a delay of service when strict application of Rule 4(m) would preclude the plaintiff's claims. (Doc. 18). Finally, Norman moves to transfer venue to the Middle District of Georgia, Valdosta Division pursuant to 28 U.S.C. § 1404(b), arguing transfer is more appropriate than dismissal. (Doc. 19).

In its reply, Canfor agrees the amended complaint moots its Rule 12(b)(6) argument for dismissal of the ADA claim. (Doc. 23 at 1). Canfor also withdraws its Rule 12(b)(5) motion to dismiss based on insufficiency of process. (*Id.*). Additionally, Canfor files a response to the

motion to transfer venue in which it states no objection to transfer of venue to the Middle District of Georgia, Valdosta Division.  (Doc. 24).

Norman brought this action for declaratory judgment, injunctive, equitable, and monetary relief, instituted to secure the protections of and redress the deprivation of rights secured under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq., 42 U.S.C. § 1981, and the Family and Medical Leave Act of 1991, 29 U.S.C. § 2614.  Norman filed this action in the United States District Court for the Northern District of Alabama.

Norman was formerly employed with Defendant Canfor at its facility located in Moultrie, Georgia, which is in Colquitt County, Georgia.  (Doc. 19 at ¶ 3). The allegations contained in Norman's Complaint allegedly occurred in Colquitt County, Georgia.  (*Id.* at ¶ 4).  Colquitt County, Georgia is served by the United States District Court for the Middle District of Georgia. The Parties believe the United States District Court for the Middle District of Georgia, Valdosta Division is a more convenient forum for the parties and witnesses.  The undersigned agrees.

28 U.S.C. § 1404(a) permits a district court to transfer venue for the convenience of the parties or in the interest of justice. Pursuant to 28 U.S.C. §§ 1404(a) and 1406, a district court may transfer the case to any court where the action might have been originally brought.  In reference to this matter, the United States District Court for the Middle District of Georgia is a proper district Court where Norman could have brought this action.

Accordingly, Norman's motion to transfer venue to the Middle District of Georgia, Valdosta Division (doc. 19) is **GRANTED**.  A separate order will be entered.

DONE this 3rd day of August, 2021.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE